# Roseburgh's Executors *versus* Sterling's Heirs.

Specific performance of a contract for the sale of land made by a married woman with the consent of her husband, will not be decreed unless such contract has been acknowledged in the manner required by law.

A married woman may, by an instrument duly acknowledged, appoint her husband her agent to dispose of her estate, real or personal.

APPEAL from the decree of the Orphans' Court of *Allegheny county*, refusing specific performance of a contract for the exchange and conveyance of real estate made between Alexander Roseburgh and Jane R. Sterling. John Craham, executor of Alexander

Roseburgh, deceased, petitioned the Orphans' Court on the 6th September, 1856, for the specific performance of a contract made by his testator on the 12th day of April, 1855, with Jane R. Sterling, for the sale and exchange of real estate. This contract was made by Mrs. Sterling, who was then a married woman, with the knowledge and consent of her husband, who was the subscribing witness to the contract, but was not acknowledged as required by law. Before the execution and delivery of a deed by either party, they both died. Specific performance was resisted by William Roseburgh, one of the heirs and devisees of Alexander Roseburgh, and as guardian for other heirs and devisees, because the contract made by Mrs. Sterling not having been acknowledged by her was void as to her and her heirs, and therefore void as to Alexander Roseburgh and his heirs and devisees for want of mutuality.

The court refused to decree specific performance, and from this decision Graham, the executor, appealed.

*Kuhn,* for appellant.

*Sweitzer,* for appellee.

The opinion of the court was delivered by

LEWIS, C. J.—The power of alienation is one of the usual incidents of ownership; but its existence depends upon the unity of title with capacity to contract. It has therefore no place where the ownership is in persons under legal disabilities, such as infants, lunatics, and *femes covert.* The Act of 11th April, 1848, in preserving to married women their estates " as fully after marriage as before," does not remove the disabilities created by the marriage relation. It was not intended for any such purpose. The object was to restrain the husband and his creditors from so exercising their power over the estate as to deprive the wife of the use of it, and not to enlarge the power of the wife so as to take her out of the protection of the law. By the terms of the statute, she is to " own, use, and enjoy" the estate. She may do all this without pledging it for her husband's debts, swapping it off for other property, or otherwise parting with it. If she desires to dispose of the estate, real or personal, she may make her husband the agent for the purpose by an instrument, duly acknowledged, separate and apart from him. This is the only method provided by which she can dispose of her personal property. Her real estate may be disposed of in the same way, or in the method allowed before the Act of 1848. But in both cases the law, for her protection, requires an acknowledgment separate and apart from her husband. These are the general principles which govern her rights. There are exceptional cases. But an exchange of land is

[Roseburgh's Executor *v.* Sterling's Heirs.]

not one of them.    The decree of the Orphans' Court is in accordance with these views.

Decree affirmed.